CASE 62—PETITION EQUITY—MAY 17.

# Stamper, &c., v. Hibbs, &c.

### APPEAL FROM CARTER CIRCUIT COURT.

FRAUDULENT CONVEYANCE—ASSIGNMENT BY OPERATION OF LAW.—
Where a creditor assails a transfer made by his debtor upon the
ground of actual fraud and obtains his attachment, he has, upon es-
tablishing the fraud, a prior lien, and other creditors coming into
the action have subordinate liens, dating from the filing of their peti-
tions. And in the absence of any pleading bringing the case within
the statute against fraudulent preferences, it is error to the prejudice
of the debtor to adjudge that there has been an assignment by opera-
tion of law of all his estate for the benefit of creditors.

STONE & SUDDUTH, Z. T. YOUNG FOR APPELLANTS.

Under a suit to set aside a conveyance as absolutely fraudulent, a judg-
ment can not be rendered declaring a preference. (Wintersmith v.
Pointer, 2 Met., 460; Beatty v. Dudley, 80 Ky., 381.)

E. B. WILHOIT FOR APPELLEES.

1. The appellant Wm. Stamper shows by his answer that he has no
interest in the property adjudged to be sold, and he nowhere shows
that his substantial rights are affected by the judgment.
2. The evidence establishes the alleged fraud.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This judgment as to William Stamper must be re-
versed. There is no charge of a fraudulent prefer-
ence made by William Stamper for the purpose of
securing creditors, and therefore it was improper to
adjudge that, in contemplation of insolvency, and
with a design to prefer, he had conveyed his prop-
erty. When constructive fraud exists by reason of
the statute, the title to the entire estate of the debtor
passes by operation of law to his creditors, and this
statute was enacted to prevent a failing debtor from

giving a preference to one creditor over another, and where a preference is made all creditors share alike, unless there are *bona fide* liens; but in case of actual fraud the creditor who assails the transfer on that ground and obtains his attachment, there being no pleading to bring the case within the act of 1856, has his prior lien, when establishing the fraud, and other creditors coming into the action have subordinate liens dating from the time of filing their petitions. It is claimed that William Stamper has no interest in this controversy. He has this interest: His entire estate is made to pass to all creditors by the judgment when there is neither pleading nor proof authorizing it.

Judgment reversed as to appellant William Stamper, and affirmed as to the other appellants.